# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DEANGELO J. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:21-CV-534 SRC |
| v. | ) | |
| | ) | |
| DANIEL KEEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. Self-represented plaintiff DeAngelo Williams has filed two cases pursuant to 42 U.S.C. § 1983 involving common questions of law and fact[1]: *Williams v. Keen*, 4:20-CV-1655 PLC (E.D. Mo.) ("*Williams 1*"), and (2) the instant case, *Williams v. Keen*, 4:21-CV-534 SRC (E.D. Mo.) ("*Williams 2*"). For the following reasons, the Court finds that the cases should be consolidated under Federal Rule of Civil Procedure 42 to avoid unnecessary costs and to promote judicial efficiency.

Rule 42(a) of the Federal Rules of Civil Procedure provides, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." "Whether to consolidate actions under Rule 42(a) is vested in the court's discretion," and "the district court can consolidate actions sua sponte." *Bendzak v. Midland Nat. Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D. Iowa 2007) (internal citations omitted); *see also Headrick v. Glass*, No. 4:18-CV-1683-CDP, 2019 WL 2437028, *1 (E.D. Mo. June 11, 2019) (citing *Bendzak*). Here, *Williams 1* and *Williams 2* assert constitutional violations against nine defendants pursuant to 42 U.S.C. § 1983 under the Eighth and Fourteenth Amendments. In both cases, plaintiff pursues claims of deliberate

---

[1]The Court has reviewed the complaints filed in both cases, and it appears that they are substantially the same document.

indifference to his serious medical needs, as well as a failure to train claim.[2]

The Court believes that consolidation would serve the interests of justice and avoid unnecessary costs and promote judicial efficiency. Pursuant to Local Rule 4.03, the Court will consolidate the cases into the lowest case number, *Williams 1*. The Court will instruct the Clerk of Court to docket the complaint from *Williams 2* as a supplemental complaint in *Williams 1*. However, plaintiff will still be expected to file an amended complaint in *Williams 1*, pursuant to the Court's instructions on March 16, 2021. Finally, the Clerk of Court shall administratively close *Williams 2*, and all future filings shall be filed in *Williams 1*.

Accordingly,

**IT IS HEREBY ORDERED** that *Williams v. Keen,* 4:21-CV-534 SRC (E.D. Mo.) is consolidated into *Williams v. Keen,* 4:20-CV-1655 PLC (E.D. Mo.) for all remaining proceedings. All future documents shall be filed in *Williams v. Keen,* 4:20-CV-1655 PLC (E.D. Mo.).

**IT IS FURTHER ORDERED** that a copy of plaintiff's complaint from *Williams v. Keen,* 4:21-CV-534 SRC (E.D. Mo.), shall be docketed in *Williams v. Keen*, 4:20-CV-1655 PLC (E.D. Mo.) as a supplement to plaintiff's complaint in that case.

**IT IS FURTHER ORDERED** that plaintiff shall comply with the Memorandum and Order issued by the Court requiring him to file an amended complaint in a timely manner in *Williams v. Keen,* 4:20-CV-1655 PLC (E.D. Mo.). His failure to comply with the Court's Order may result in a dismissal of *Williams v. Keen,* 4:20-CV-1655 PLC (E.D. Mo.) without prejudice.

**IT IS FURTHER ORDERED** that a copy of this Memorandum and Order shall be docketed in *Williams v. Keen,* 4:20-CV-1655 PLC (E.D. Mo.).

---

[2]The Court notes that plaintiff was instructed to amend his complaint in *Williams 1* on March 16, 2021. To date, he has failed to file an amended complaint in that case.

**IT IS FURTHER ORDERED** that all pending motions in the instant action are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the instant case, *Williams v. Keen*, 4:21-CV-534 SRC (E.D. Mo.), shall be **ADMINISTRATIVELY CLOSED** with the filing of this **ORDER**.

Dated this 23rd day of June, 2021

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE